IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00159-WYD-CBS

DR. ALEX LEHUANCUA (DDS),
    Plaintiff,
v.

UNIVERSITY OF COLORADO SCHOOL OF DENTISTRY,
    Defendant.

_____

AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Board of Regents of the University of Colorado's ("Board") Motion to Dismiss Lehuancua's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (filed April 1, 2005) (doc. # 8).  Pursuant to the Order of Reference dated February 8, 2005 and the memorandum dated April 4, 2005, the Motion was referred to the Magistrate Judge to "submit proposed findings of fact and recommendations . . . ."  The court has reviewed the Motion, Lehuancua's Response (filed April 19, 2005) (doc. # 11), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Lehuancua filed this civil action on January 31, 2005.  Lehuancua's claims arise from the rejection of his application for admission to the University of Colorado School of Dentistry's International Student Program on or about November 5, 2004.

(Complaint at p. 2 ¶ 5). Lehuancua alleges that he was denied admission due to discrimination based on his national origin (French) and his age (50 years old) and due to a conspiracy in violation of antitrust law. Lehuancua alleges three apparent claims: (1) discrimination on the basis of national origin in violation of Title 42 U.S.C. § 2000e-2 ("Title VII"); (2) discrimination on the basis of age in violation of Title 29 U.S.C. § 621-634 ("ADEA"); and (3) violation of Title 15 U.S.C. "Chapter 1" ("Sherman Act"). (*See* Complaint at pp. 2, 5). Lehuancua appears to seek declaratory relief and monetary damages. (*See* Complaint, "Relief").

The Board has moved for: (1) substitution of the Board for the "University of Colorado School of Dentistry" as the proper defendant; (2) dismissal of the ADEA claim as barred by the Eleventh Amendment to the United States Constitution; (3) dismissal of the Sherman Act claim for failure to state a claim upon which relief may be granted and as barred by state action immunity; and (4) dismissal of the Title VII and ADEA claims for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted.

II.     Standard of Review

The Board moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.

> Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. Statutes conferring jurisdiction on federal courts are to be strictly construed. If a Rule 12(b)(1) motion to dismiss merely challenges the sufficiency of the allegations in the complaint, the court must accept those allegations as true, but without regard to mere conclusionary allegations of jurisdiction. A party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents. Although the district court may consider evidence outside the pleadings, generally the motion is not converted to one for summary judgment pursuant to Rule 56. The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.

*American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304, 1308-09 (D. Colo. 2001) (internal quotation marks and citations omitted).

A court may dismiss a case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). Review of the sufficiency of the claims is not based on whether the plaintiff will ultimately prevail, but on whether the plaintiff should be entitled to offer evidence in support of the claims. *Weatherhead v. Globe Int'l.,* 832 F.2d 1226, 1228 (10th Cir. 1987). In considering a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6), a complaint must be construed liberally. *Hartford Fire Ins. Co. v. Calif.,* 509 U.S. 764, 790 n.18 (1993). The pleading's factual allegations must be deemed true. *Nietzke v. Williams,* 490 U.S. 319, 326 (1989). All reasonable inferences must be drawn in favor of the nonmoving party,

however, "[c]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. . . ." *Brower v. County of Inyo,* 489 U.S. 593, 598 (1989).

III.   Analysis

A.   Proper Defendant

The Board asserts that it, not the School of Dentistry, is the proper Defendant in this action. Lehuancua contends that he is suing the University of Colorado School of Dentistry. (Lehuancua's Response at p. 5).

The Board is a "body corporate" with general supervisory authority over the University of Colorado. Colo. Const. Art. IX, Sec. 12. *See also In re Macky's Estate*, 46 Colo. 79, 102 P. 1075 (1909) (Board constituted "a body corporate, . . . a part of the state, a department of the state to which is intrusted the supervision and government of the University of the state," which "shall have the general supervision of the University and the exclusive control and direction of its funds and appropriations. . . ."); *Roberts v. Colorado State Board of Agriculture*, 998 F.2d 824, 826-27 (10th Cir. 1993) (Board of Agriculture "has general control and supervisory power including ⸤power to adopt . . . regulations . . . to secure the successful operation of the university,' and complete financial control over Colorado State University" (citing Colo. Const. Art. VIII, Sec. 5)). The Colorado Constitution also provides that the Board may "establish, maintain, and conduct all or any part of the schools of medicine, dentistry, nursing, and pharmacy of the university . . . ." Colo. Const. Art. VIII, Sec. 5(1). The Board exercises "the

4

exclusive control and direction of all funds of and appropriations to [its] respective institutions. . . ."  Colo. Const. Art. VIII, Sec. 5(2).  The University of Colorado School of Dentistry has no such similar grant of authority.  The Board, not the University of Colorado School of Dentistry, is the proper party to be sued in this civil action.  The University of Colorado School of Dentistry must be dismissed and the Board substituted as the proper Defendant.

B.     ADEA Claim - Eleventh Amendment Immunity

The Board argues that it has Eleventh Amendment immunity from Lehuancua's ADEA claim.  The Eleventh Amendment bars a suit for damages against a state in federal court, absent a waiver of immunity by the state.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  In *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), the Supreme Court held that while "the ADEA does contain a clear statement of Congress' intent to abrogate the States immunity, . . . the  abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment."  Thus, Eleventh Amendment immunity was not abrogated by the ADEA.

Eleventh Amendment immunity extends only to the states and governmental entities that are "arms of the state."  *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir.1993) (en banc).  *See also McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered ⊲arms of the state' ") (citations omitted).  The arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as

5

alter egos or instrumentalities of the states.  *Mascheroni v. Board of Regents of the Univ. of Cal.*, 28 F.3d 1554, 1559 (10th Cir. 1994).  Lehuancua acknowledges that the University of Colorado is an arm of the state.  (*See* Lehuancua's Response at p. 3).  *See also Sturdevant v. Paulsen*, 218 F.3d 1160, 1170 (10th Cir. 2000) ("We have consistently held that state colleges and universities are arms of the state"); *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 574-75 (10th Cir.1996) ("Our cases have consistently found state universities are arms of the state").

      The Board is entitled to immunity from Lehuancua's ADEA claim under the Eleventh Amendment.  *See Migneault v. Peck*, 204 F.3d 1003, 1004-05 (10th Cir. 2000) (University of New Mexico was immune under Eleventh Amendment from employee's ADEA claim).  Thus, the court lacks subject matter jurisdiction over Lehuancua's ADEA claim.

C.     ADEA and Title VII Claims - Failure to State a Claim

      The Board argues that this court lacks subject matter jurisdiction over the Amended Complaint because Lehuancua failed to exhaust his requisite administrative remedies.  Lehuancua has presented a Discrimination Complaint filed with the Department of Health and Human Services Office for Civil Rights dated March 16, 2005.  (Attached to Lehuancua's Response).  The court need not determine whether Lehuancua has properly filed a charge of discrimination pursuant to 42 U.S.C. § 2000e-5(e)(1), as Lehuancua has not stated a claim for relief against the Board under Title VII or the ADEA.

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Likewise, the ADEA prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA defines an employee as "an individual employed by any employer." 29 U.S.C. § 630((f).     "In order to establish a prima facie case under Title VII," Lehuancua "is required to prove" that the Board was his employer. *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1069 (10th Cir. 1998) (citation omitted). Lehuancua did not, and cannot, allege that the Board was his employer. Thus, Lehuancua fails to state a claim under Title VII or the ADEA against the Board.

D.   Sherman Act Claim

Lehuancua alleges a conspiracy under the Sherman Act between the School of Dentistry and the Colorado State Board of Dental Examiners to terminate his career as a dentist in Colorado. (*See* Complaint "Preliminary Statement" at p. 6, Lehuancua's Response at p. 7).[2] The Board moves to dismiss this claim because the Sherman Act does not restrain state action and Lehuancua fails to state a claim under the Sherman Act.

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form

7

of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. *See also TV Communications Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1027 (10th Cir. 1992) ("Section 1 of the Sherman Act forbids contracts, combinations or conspiracies in restraint of trade"). "To state a claim for a violation of section one the plaintiff must allege facts which show: the defendant entered a contract, combination or conspiracy that unreasonably restrains trade in the relevant market." *TV Communications Network,* 964 F.2d at 1027 (citation omitted).

Section 2 of the Sherman Act prohibits "monopoliz[ing], or attempt[ing] to monopolize, or combin[ing] or conspir[ing] with any other person or persons, to monopolize any part of the trade or commerce among the several States." 15 U.S.C. § 2. *See also TV Communications Network,* 964 F.2d at 1024-25 ("Section 2 of the Sherman Act prohibits monopolies in interstate trade or commerce'). "Conduct violates this section where an entity acquires or maintains monopoly power in such a way as to preclude other entities from engaging in fair competition." *TV Communications Network,* 964 F.2d at 1024 (citations omitted).

Lehuancua alleges merely an injury to himself, not a restraint of trade or injury to competition. Lehuancua has alleged no injury of the type which antitrust laws were designed to prevent and the conduct alleged does not amount to any violation of the antitrust laws. Lehuancua fails to state a claim for a Sherman Act violation.

Even if Lehuancua stated a claim for a Sherman Act violation, "[g]enerally, a state's anticompetitive actions are immune from civil antitrust laws." *Buckley*

*Construction, Inc. v. Shawnee Civic & Cultural Development Authority*, 933 F.2d 853, 855 (10th Cir. 1991) (citing *Parker v. Brown*, 317 U.S. 341, 350-52 (1943)).  "In creating this immunity, the Supreme Court recognized that the free market principles espoused in the Sherman Act end where countervailing principles of federalism and respect for state sovereignty begin."  *Buckley*, 933 F.2d at 855 (internal quotation marks and citation omitted).  *See also Trigen Oklahoma City Energy Corp. v. Oklahoma Gas & Electric Co.*, 244 F.3d 1220, 1225-26 (10th Cir. 2001) ("The state action doctrine arises from *Parker v. Brown*, in which the Supreme Court relied on principles of federalism and state sovereignty to hold that the Sherman Act was not intended to prohibit states from imposing restraints on competition") (citation omitted).

Accordingly,

IT IS RECOMMENDED that the Motion to Dismiss (filed April 1, 2005) (doc. # 8) be GRANTED and this civil action be dismissed with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28

U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to

file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does

not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of September, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

---

1.  The May 9, 2005 Recommendation of United States Magistrate Judge has been amended to add the advisement at pages 9-10.

2.  Private civil actions to enforce the Sherman Act are allowed under Section 4 of the Clayton Act, 15 U.S.C. § 15(a), which provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws

may sue therefor ... and shall recover threefold the damages by him sustained. . . ." The court assumes that Lehuancua, as a private actor, seeks to adjudicate his Sherman Act antitrust claims pursuant to § 4 of the Clayton Act. *See Indiana Grocery, Inc. v. Super Valu Stores, Inc.*, 864 F.2d 1409, 1419 (7th Cir.1989) (holding that mere presence of Sherman Act violations "does not by itself bestow on any plaintiff a private right of action for damages. That is the gift of section 4 of the Clayton Act").