IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00159-WYD-CBS

DR. ALEX LEHUANCUA (D.D.S.),

  Plaintiff(s),

v.

UNIVERSITY OF COLORADO - SCHOOL OF DENTISTRY,

  Defendant(s).

**ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER is before the Court in connection with Defendant's Motion to Dismiss filed on April 1, 2005.  This motion was referred to Magistrate Judge Schaffer for a recommendation by Order of Reference dated February 8, 2005.  An Amended Recommendation of United States Magistrate Judge was issued on September 21, 2005, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

Magistrate Judge Schaffer recommends therein that Defendant's Motion to Dismiss be granted and the case be dismissed with prejudice based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Am. Recommendation at 9.  Magistrate Judge Schaffer advised the parties that specific written objections were due within ten (10) days after service of a copy of the Recommendation.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. 72(b).  No objections were filed to Magistrate Judge Schaffer's Recommendation.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Magistrate Judge Schaffer correctly found that the University of Colorado School of Dentistry should be dismissed and the Board of Regents of the University of Colorado ("Board") substituted as the proper defendant in this action. Under the Colorado Constitution, the Board is a "body corporate" with general supervisory authority over the University of Colorado. COLO. CONST. art. IX, § 12. Additionally, it may "establish, maintain, and conduct all or any part of the schools of medicine, dentistry, nursing, and pharmacy of the university," and it exercises "the exclusive control and direction of all funds of and appropriations to [its] respective institutions . . . ." COLO. CONST. art. VIII, § 5(1)-(2). The Colorado Constitution does not grant such authority to the University of Colorado School of Dentistry.

I also agree with Magistrate Judge Schaffer that the Court lacks subject matter jurisdiction over Plaintiff's ADEA claim because Defendant is entitled to Eleventh Amendment immunity. Eleventh Amendment immunity extends only to states and

---

[1]Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

governmental entities that are "arms of the state." *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc). Magistrate Judge Schaffer notes that Plaintiff acknowledges that Defendant is an arm of the state. Am. Recommendation at 6 (citing Pl.'s Resp. at 3).

I also agree with Magistrate Judge Schaffer's finding of lack of subject matter jurisdiction due to Plaintiff's failure to state a claim for relief against Defendant under Title VII or the ADEA, because Plaintiff "did not, and cannot, allege that the Board was his employer." *Id*. at 7.

Finally, I agree that Plaintiff failed to state a claim for a Sherman Act violation. Plaintiff "alleged no injury of the type which antitrust laws were designed to prevent, and the conduct alleged does not amount to any violation of the antitrust laws." *Id*. at 8. Magistrate Judge Schaffer also states that "[e]ven if [Plaintiff] stated a claim for a Sherman Act violation, '[g]enerally, a state's anticompetitive actions are immune from civil antitrust laws.'" *Id*. at 8 (citing *Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.,* 933 F.2d 853, 855 (10th Cir. 1991) (citing *Parker v. Brown*, 317 U.S. 341, 350-52 (1943)).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. Accordingly, it is hereby

ORDERED that the Amended Recommendation of United States Magistrate Judge entered September 21, 2005, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion to Dismiss, filed April 1, 2005, is **GRANTED** on the basis of lack of subject matter jurisdiction and failure to state a claim upon which

relief may be granted, and this case is **DISMISSED WITH PREJUDICE**, each party to pay their own costs and attorneys' fees.

Dated: October 19, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge